IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC HOLTON,

                Plaintiff,                          ORDER

      v.                              11-cv-246-slc

THE STATE OF WISCONSIN, GARY H. HAMBLIN,
DAVID BURNETT, CATHY JESS, CATHERINE J. FARREY,
WILLIAM POLLARD, MICHAEL THURMER,
T.H. WILLIAMS, DR. HEINZL, RICHARD SCHNEITER,
BURTON COX, RICHARD HEIDORN and
DR. P. SUMNITCH,

                Defendants.

---

This is a proposed civil action for monetary relief brought under 42 U.S.C. § 1983. Plaintiff Eric Holton, a prisoner at the Waupun Correctional Institution, contends that Department of Corrections medical staff are failing to treat medical symptoms stemming from shotgun pellets lodged in his body and his compromised immune system.

Plaintiff seeks leave to proceed with his complaint *in forma pauperis* and has paid a $6.57 initial partial payment of the $350 filing fee as required by the court. Because plaintiff has struck out under 28 U.S.C. § 1915(g), however, he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. After considering plaintiff's allegations, I conclude that he raises both a claim that qualifies under the imminent danger standard and claims that do not because they are claims for past harm. Accordingly, the court will give plaintiff the opportunity to explain how he wishes to proceed with this case.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, plaintiff alleges, and the court assumes for purposes of this screening order, the following facts.

- In 1990, while incarcerated by the Nevada Department of Prisons, plaintiff was shot by a Nevada correctional officer-in-training, leaving him with over 40 buckshot pellets in his body. Since then, plaintiff has suffered chronic allergies from the pellets, encountering symptoms such as swollen lymph nodes, a runny nose, difficulty breathing and frequent severe headaches.

- As a result of his overworked immune system, plaintiff contracted tuberculosis in 1998 after being housed with another prisoner who had the disease.

- In July 2005, plaintiff was transferred from the Nevada prison system to the Dodge Correctional Institution in Wisconsin. Upon arriving at the Dodge prison, plaintiff was admitted into the infirmary because of a high fever and swollen ankles. Plaintiff was seen by defendant Dr. Williams, who conducted a chest X-ray and an acid-fast bacillus test for tuberculosis. The test results were negative.

- Upon receiving the test results, plaintiff informed defendant Williams that he had already been diagnosed with and treated for tuberculosis. However, Williams never sent for plaintiff s previous medical records.

- In September and October 2005, plaintiff was transferred to the Sheboygan County Detention Center and then the New Lisbon Correctional Institution. After complaining about his symptoms, plaintiff was not seen by a doctor until late November 2005.

- Plaintiff was seen by defendant Dr. Heinzl. Plaintiff informed Heinzl about the shotgun injury, his allergies and tuberculosis treatment. By this point, plaintiff's symptoms included numbness in his fingertips. Heinzl did not obtain plaintiff's medical records. Heinzl conducted a chest X-ray and tests for tuberculosis and hepatitis C. The tests were negative.

- Plaintiff was transferred to the Wisconsin Secure Program facility, located in Boscobel, Wisconsin, in February 2006. After plaintiff notified medical staff of his symptoms, defendant Dr. Burton Cox ordered a chest x-ray and hepatitis C test, which were negative. Plaintiff informed Cox of medical history but Cox did not obtain his medical records or perform any other tests.

- In January 2007, plaintiff was transferred to the Green Bay Correctional Institution. Plaintiff made medical staff aware of his medical conditions, but he was told that because his previous tuberculosis test was negative, there was no need for further tests.

- Plaintiff's allergies continued. He also developed other symptoms such as swelling of his tongue and recurring painful boils in his armpits, which are symptoms of methicillin-resistant Staphylococcus aureus (MRSA). Plaintiff also suffered from frequent night sweats, but defendant Dr. Heidorn discontinued his special needs restrictions for extra T-shirts.

- In 2008, after plaintiff complained of back pain, defendant Heidorn ordered a chest X-ray and back X-ray, which confirmed that tuberculosis had now "attacked" his spine. Heidorn also told Plaintiff that the 2005 acid-fast bacillus test for tuberculosis showed that Plaintiff tested positive for nontuberculosis mycobacteria, which has similar symptoms to active tuberculosis.

- In 2009, defendant Heidorn diagnosed plaintiff as having allergic rhinitis. However, plaintiff's requests to have the shotgun pellets removed from his body were denied.

- In May 2010, plaintiff was transferred to the Waupun Correctional Institution (WCI). He continued to complain of flu-like symptoms, difficulties breathing, severe sinus headaches, chest pains, back pains, night sweats and fevers. Plaintiff informed defendant Dr. Sumnitch of his medical history, including his tuberculosis and allergic reactions to the shotgun pellets lodged in his body. Plaintiff's requests to see a specialist and to have the pellets removed have been denied. All he has been given is Tylenol, sinus pills, nasal spray and a sinus cleansing kit.

- The treatment that defendant Sumnitch is providing does not help plaintiff's chest pains, night sweats, breathing difficulty or severe sinus headaches.

DISCUSSION

Plaintiff seeks leave to proceed with his complaint *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On three prior occasions, courts dismissed plaintiff's lawsuits for being legally frivolous. *Holton v. Morales*, no. 07-C-241 (W.D. Wis. May 15, 2007), *aff'd*, *Holton v. Morales*, no. 07-2327 (7th Cir. Apr. 3, 2008); *Walker v. McDaniel*, no. 05-cv-0248 (D. Nev. Dec. 7, 2005); *Walker v. McDaniel*, no. 01-cv-0121 (D. Nev. Dec. 17, 2001). As a result, plaintiff may proceed *in forma pauperis* only on claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff alleges that medical staff at several different prisons have failed to treat to treat medical symptoms stemming from shotgun pellets lodged in his body and his compromised immune system, resulting in him suffering from a host of allergic reactions and causing him severe pain.

4

To the extent that plaintiff alleges that staff at WCI *currently* are not providing necessary treatment for plaintiff's serious medical conditions, these allegations satisfy the imminent danger requirement. If this was the only claim that plaintiff had brought, then he would be able to proceed *in forma pauperis* and the court would screen his complaint pursuant to 28 U.S.C. § 1915A. But plaintiff also has brought claims for past harms allegedly inflicted on him at prisons in which he previously has been incarcerated. Plaintiff cannot proceed *in forma pauperis* with these claims because they are claims of past harm rather than claims of imminent danger.

Accordingly, plaintiff must be given the opportunity to choose how he wishes to proceed with this lawsuit. Plaintiff's options are: (1) voluntarily to dismiss his claims for past harm, in which case the court will proceed to screen his imminent danger claim; or (2) to submit the remainder of the filing fee for this case, namely $343.43, and the court will screen both his imminent danger claim and his claims for past harm. Plaintiff will have until January 13, 2012 to report his choice to this court.

Plaintiff also has filed a motion for an injunction compelling the Department of Corrections to extend his legal loan so that he can continue to litigate this and other actions. This motion will be denied for the time being because it is not clear that plaintiff's access to this court has been denied. At this point, plaintiff's task is to respond to this order about how he wishes to proceed with this case. If the DOC interferes with plaintiff's ability to respond to this order or if the DOC later interferes with plaintiff's access to this court in the event he is granted leave to proceed on any of his claims, then plaintiff may renew his motion at that time.

ORDER

IT IS ORDERED that:

(1)  Plaintiff Eric Holton may have until January 13, 2012, to respond to this order, explaining how he wishes to proceed in this case.

(2)  Plaintiff's motion for an injunction regarding his legal loan, dkt. 5, is DENIED without prejudice to his renewing the motion at a later date.

Entered this 29th day of December, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge