IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC HOLTON,

                          Plaintiff,                         OPINION and ORDER

   v.

                                                          11-cv-246-slc

GARY H. HAMBLIN, DAVID BURNETT
and PAUL SUMNICHT,

                         Defendants.

---

In this civil lawsuit, pro se plaintiff Eric Holton raised Eighth Amendment and state medical negligence law claims against a host of defendants. All defendants moved for summary judgment and the court granted this motion in large part and denied it in small part for reasons stated. Now before the court is a motion to reconsider the partial denial filed by defendants, Gary Hamblin, David Burnett and Paul Sumnicht. *See* Dkt. 85. Although the court set December 13, 2013 as a response deadline, plaintiff Eric Holton has filed a motion asking the court to extend that deadline and order the Department of Corrections to extend his legal loan limit so that he may prepare and file his response, as well as his own motion for reconsideration. *See* dkts. 89-90. Because I am denying defendants' motion for reconsideration, I am denying as unnecessary plaintiff's motion for more time. Even so, if plaintiff still wishes to do so, he may file his own motion for reconsideration at a later point or include his challenges in a post-trial motion pursuant to Fed. R. Civ. P. 59 or 60.

OPINION

On December 2, 2013, the court granted summary judgment in favor of defendants on all of plaintiff's claims except the federal and state claims related to Dr. Sumnicht's alleged failed to adequately address Holton's complaints of pain during three discrete time periods: between June and December of 2010; between March 23 and September 26, 2011; and after February 13, 2012. Dkt.

83. Defendants challenge that ruling on the following grounds: (1) plaintiff did not put them on notice that Dr. Sumnicht's pain management decisions were the subject of this lawsuit; (2) the court should have analyzed plaintiff's pain management in conjunction with the other care that he received; (3) the court improperly considered the acts of others in assessing Dr. Sumnicht's potential liability; and (4) plaintiff's remaining medical negligence claim requires an expert opinion on the standard of care.

### I. Improper Pleading

Defendants claim that plaintiff's amended complaint and supplement, dkts. 17 and 20, failed to make any specific allegations regarding his pain management and instead allege that Dr. Sumnicht failed to refer him to a specialist or remove the allergy-inducing pellets imbedded in his chest. As a starting point, I do not accept defendants' contention that plaintiff's amended complaint and supplement cannot be construed liberally to state a claim that Dr. Sumnicht acted with deliberate indifference and negligence to plaintiff's pain management.

Regardless of this, however, defendants have waived this failure-to-plead argument by failing to raise it before now. *See Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir. 1999) ("Arguments not developed in any meaningful way are waived."); *Woods v. City of Rockford, Ill.*, 367 F. App'x 674, 677 (7th Cir. 2010) (finding plaintiffs waived theory because they did not raise argument at summary judgment). As explained at length in the summary judgment order, defendants did not dispute many of the arguments or proposed findings of fact that plaintiff made about unalleviated pain in response to defendants' motion for summary judgment. Defendants had the opportunity to set the record straight on reply but failed

to do so. *Bouman v. Robinson*, 2008 WL 2595180, *1 (W.D. Wis. June 27, 2008), *aff'd*, 324 F. App'x 523 (7th Cir. 2009) (court cannot consider arguments that defendants failed to raise on summary judgment).

Although defendants now argue that they had no notice that plaintiff was complaining about his pain management, they explicitly addressed these complaints in their brief in support of summary judgment:

> Interwoven with his primary metal-pellet-lung-condition theory, Holton also mentions suffering *pain*, night sweats, and sinus allergy symptoms. These symptoms have also been investigated and addressed. *In response to his pain complaints*, Holton has been provided with pain medications to reduce the pain.

Dkt. 59 at 6 (emphasis added). In this brief, defendants explained how Dr. Sumnicht used his medical judgment to treat the "various conditions and symptoms that are mentioned in Holton's complaint," including how, "in response to Holton's complaints of pain, Dr. Sumnicht has provided Holton with medications that reduce pain the kinds of pain that Holton complained of." *Id.* at 10 and 12. As I discussed in my previous order, this was an acceptable response as far as it went, but in the absence of additional detail, Dr. Sumnicht's statement, standing alone, did not sufficiently respond to or counter some of Holton's specific complaints of pain during the three time periods I specified in the court's summary judgment order. As a result, the parties must go to trial on the pain management claims.

## II.  Totality of Care

Defendants criticize the court for not considering plaintiff's pain management in light of the other extensive treatments that Holton received for his symptoms and complaints. I agree with

3

defendants that the actions that Dr. Sumnicht took to address plaintiff's many, more serious complaints is relevant to whether he acted with deliberate indifference in any respect. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) ("we 'must examine the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to his serious medical needs'") (quoting *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999); *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1996)).

This, however, does not mean that the defendants are entitled to judgment as a *matter of law* on every aspect of his treatment of plaintiff. A genuine dispute of material fact exists about Dr. Sumnicht's response–or lack of response–to plaintiff's complaints of unalleviated pain over three separate 6-month periods. As the Court of Appeals for the Seventh Circuit noted in *Reed*, "even where a plaintiff has previously received good care, 'mistreatment for a short time might . . . be evidence of a culpable state of mind' regarding deliberate indifference." 178 F.3d at 855 (internal citation omitted). Given the evidence before the court, a jury reasonably could conclude that Dr. Sumnicht's failure to act during any of the specified periods of time constituted deliberate indifference, even though he was not deliberately indifferent to plaintiff's other medical conditions.

**III.  Acts of Others**

Defendants have pointed out several instances where plaintiff's submissions in support of his proposed findings of fact do not support a conclusion that Dr. Sumnicht had any knowledge of a particular pain management request or complaint. They argue that because there is no evidence that Dr. Sumnicht was involved with those requests, he cannot be held liable for not responding to them. As with their failure-to-plead argument, defendants failed to raise this issue in either of their

summary judgment briefs or in response to plaintiff's proposed findings of fact. Instead, they chose to rely on broad and unexplained objections such as "[t]his proposed finding should be disregarded because plaintiff does not cite admissible evidence that properly supports the proposed finding." *See, e.g.,* dkt. 79 at ¶ 55. In the absence of any contrary evidence, it is a reasonable inference–to which plaintiff is entitled as the nonmovant–that Dr. Sumnicht would have been made aware plaintiff's HSRs, complaints to nurses during HSU visits and complaints addressed to, but not ultimately signed by, Dr. Sumnicht. Further, even if Dr. Sumnicht had timely averred that he had no knowledge of plaintiff's pain management complaints, it is likely that Dr. Sumnicht's actual knowledge would remain a disputed issue for the jury to decide. Although I will not prevent defendants from exploring this issue at trial, it is not grounds for changing the court's ruling denying summary judgment on this aspect of plaintiff's claim.

**IV. Expert Opinion on State Negligence Claim**

Wisconsin law requires that a plaintiff establish the standard of care in a medical malpractice case by means of expert testimony, except where the situation presented is one in which common knowledge affords a basis for the jury to find negligence. *Carney-Hayes v. Northwest Wisconsin Home Care, Inc.,* 2005 WI 118, ¶ 37, 284 Wis. 2d 56, 699 N.W.2d 524. Defendants argue that the court improperly disregarded this requirement when the court concluded that a failure to supply pain medication or a failure to reassess the effectiveness of current medications in the face of continuing complaints of unalleviated pain could be deemed matters of common knowledge. Defendants contend that the proper question to ask in this situation is whether not giving pain medication, or not changing pain medications, falls below the standard of care. Of course, when the question is

framed in terms of the standard of care, plaintiff is obliged to present expert testimony to establish the standard, and plaintiff has not done so.

In support of framing the question this way, defendants contend that, because a patient's complaints of pain do not necessarily or automatically create a medical duty to medicate or change medications, an expert is required to opine as to when such a duty does arise. As an example, defendants point out that in certain situations, a medication's side effects could be more harmful than its pain-relieving benefits.

Defendants have a valid point up to a point, but even if the court accepts their premise as true, it does not entitle Dr. Sumnicht to summary judgment on the pain management dispute. Common knowledge would allow a jury to consider and render a verdict on the diametric end-points of the pain spectrum without hearing from an expert: at one extreme, a jury could, without expert testimony, reject a plaintiff's complaint that he should have received morphine to treat his hangnail. At the other extreme, it seems that a jury could, without expert testimony, find for a plaintiff after deeming credible his testimony that he was actually suffering pain equivalent to torture, he reported this pain to his care provider, the care provider gave him aspirin, the aspirin did not alleviate the pain, and thereafter the care provider ignored the plaintiff's subsequent pleas for stronger medicine. As we move away from these extremes toward the middle, the need for a line demarcating the acceptable standard of care becomes more apparent. It may be that at trial in this case, we will reach that juncture and defendants' point will be applicable.

But at *this* juncture, neither the court nor plaintiff knows what Dr. Sumnicht's actual defense will be. Although Dr. Sumnicht may offer some medical explanation at trial for not taking further action to treat plaintiff's pain, it is possible that he may not. Dr. Sumnicht has not yet offered any

explanation of his reasoning. Given the facts submitted to the court at this juncture in the lawsuit, and drawing all reasonable inferences in favor of plaintiff, all we know is that Dr. Sumnicht did not respond in any fashion to plaintiff's complaints that his pain medications were not working and that plaintiff remained in severe pain. If that is all that is presented, plaintiff would not need a medical expert because negligence would be obvious. Given this possibility, defendants are not entitled to summary judgment.

ORDER

IT IS ORDERED that:

(1)   The motion for reconsideration filed by defendants Dr. Paul Sumnicht, Gary Hamblin and David Burnett, dkt. 85, is DENIED; and

(2)   Plaintiff Eric Holton's motion for an extension of time, dkt. 89, is DENIED as unnecessary.

Entered this 12th day of December, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge