IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC HOLTON,

                Plaintiff,                      ORDER

v.

                                          11-cv-246-slc

GARY H. HAMBLIN,

                Defendant.

---

In this civil lawsuit, *pro se* plaintiff Eric Holton is proceeding to trial on January 13, 2013, on his claims that defendant Dr. Paul Sumnicht violated Eighth Amendment and state medical negligence law in failing to address his continued complaints of pain. Before the court is plaintiff's motion under Fed. R. Civ. P. 59 for reconsideration of the court's December 2, 2013 order denying him assistance in recruiting counsel. Dkt. 93.

The purpose of a Rule 59 motion to amend judgment "is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F .3d 363, 368 (7th Cir. 2003). The motion must do more than merely reargue the merits of the case. *Id.* (holding that the district court committed no abuse of discretion in denying motions to reconsider in which "the plaintiffs simply took the opportunity to reargue the merits of their cases").

Plaintiff asserts that he should be appointed counsel because this case requires an assessment of whether defendant provided him with adequate medical care. He also points out that he was unable to secure an expert on his own behalf.

As explained in the court's previous orders, however, plaintiff is quite capable of explaining what happened to him and how defendant responded (or failed to respond). It will then be left to the jury to decide whether defendant provided adequate care under the

circumstances. Related to this is the court's general policy, applicable to this case, that it does not recruit a lawyer to represent a pro se party in order for the lawyer to incur the costs of hiring an expert witness. One reason that a pro se litigant must attempt to obtain an attorney on his own before seeking court assistance is so that the lawyers can assess the merits of the claim and then determine if it is worth their time, effort and out-of-pocket costs (like hiring an expert) to take the case. If no attorney will take the case after making this assessment, then it is not fair for the court to recruit an attorney to represent a plaintiff who is legally capable of presenting his own case but who cannot find or pay an expert on his own.

Further, as the court already has explained, plaintiff does not necessarily require an expert witness to prove up plaintiff's claim of inadequate pain management. *See Carney-Hayes v. Northwest Wisconsin Home Care, Inc.*, 2005 WI 118, ¶ 37, 284 Wis. 2d 56, 699 N.W.2d 524 (where the situation presented is one in which common knowledge affords a basis for the jury to find negligence, no expert required).

Because plaintiff fails to raise any newly discovered evidence or identify any manifest error of law or fact the court made in ruling on his previous request for assistance in obtaining counsel, his motion for reconsideration, dkt. 93, is DENIED.

Entered this 6th day of January, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge