IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2014 FEB -6 AM 11:00
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

ERIC HOLTON
    Plaintiff

Case no 11-CV-246-slc

vs

GARY H. HAMBLIN, DAVID BURNETT,
and PAUL SUMNICHT,
    defendants

## PLAINTIFFS NOTICE OF APPEAL AND DOCKETING STATEMENT

Notice is hereby given That Eric Holton, Plaintiff in Pro se in The above-entitled matter, appeals to The United States Court of appeals for The seventh circuit from the final orders denying motions for appointment of counsel see orders of (8-31-12 Doc 21) (8-2-13 Doc 64) (12-2-13 Doc 83)(1-7-14 Doc 114). Plaintiff appeals from The final order Granting in part Defendants summary Judgement motion see order of (12-2-13 Doc 83). Plaintiff appeals from The Verdict in favor of Sumnicht, The Judgment entered on The Verdict, and The order dismissing Preliminary injunctive Relief all entered on 1-15-14 Doc 122,   ,   ,

## Jurisdictional Statement

The district court had subject matter jurisdiction over this case pursuant to 42. U.S.C. § 1331 and 28. U.S.C. 1343. The court of appeals has jurisdiction over this appeal pursuant to 28. U.S.C § 1291.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1) Whether Holtons factual allegations of Sumnicht's refusal for 28. months to refer him to an allergist to find out the cause of his chronic allergies despite of severe allergy symptoms including hives, breathing difficulties, intensed chronic sinus headaches and complaints of medication not working raises a genuine issue of material fact of whether Sumnicht acted with deliberate indifference.

2) Whether the district court in granting partial summary judgment to Sumnicht failed to draw inference from the facts in a light most favorable to Holton regarding his claim of being denied needed treatment for an MAC infection that had never been treated, and Relied on a conclusive statement in defendants finding of fact which stated that the mere presence of MAC does not require treatment.

3) Whether Holtons factual allegations of Sumnicht's refusal for 28 months to refer him to a specialist for his degenerative disc disease despite severe back pain which sometimes —

-2-

limited his mobility and complaints of medications not working raises a genuine issue of material fact of whether Sumnicht acted with deliberate indifference to his serious condition.

4) Whether Holton's factual allegations of Sumnicht's refusal for 28 months to refer him to a specialist who could properly address his chest pains from the buck shots despite of complaints of medications not working raise a genuine issue of material fact of whether Sumnicht acted with deliberate indifference to his serious condition.

5) Whether the district court in granting summary judgment to Sumnicht improperly resolved a factual dispute on whether Holton's symptoms improved regarding his claims of denial of adequate testing and treatment for Lung Sarcoidosis.

6) Whether the district court erred in denying Holton's motion to amend the complaint to conform to evidence in the record that showed the personal involvement of David Burnett whom after redirecting that Holton be seen by a general surgeon did not include any alternative once it was determined that Holton's lymph nodes should not be removed for testing.

7) Whether the district court abused its discretion in denying Holton's motion for appointment of Counsel before

—3—

and after the summary Judgment decision by under--estimating the difficulties of the legal and factual issues of the case and allowing Holton to proceed in pro se to a Jury Trial with the difficult task of proving deliberate indifference on behalf of Summicht for the treatment he did or didnot provide.

8) Whether the preponderance of the evidence was improperly Rejected by the Jury which shows that Summicht was aware of and deliberately indifferent to Holtons Need for pain management and he failed to supply pain medication that worked and Refused to Reassess the appropriateness - Responsiveness of the medications.

## Relief

Holton Request that this court Reverse the district courts Summary Judgment decision and Remand the case back with instructions to appoint Counsel - or appoint Counsel.

Holton Request that this court Reverse the Jury verdict upon a finding that there is a Reasonable likelihood that the Presence of Counsel would have altered the outcome and appoint Counsel.

Holton Request that this court Reverse the Jury verdict in favor of Holton based on the preponderance of the evidence which shows that Summicht was aware of but deliberately indifferent to Holtons need of pain management which cause Holton Harm

4

Reverse the jury verdict in favor of Holton that Summnent was negligent resulting in pain and suffering. Reverse the dismissal of Holtons injunctive Relief Request.

Remand this case back to the district court with instructions to allow Holton to amend the complaint to include David Burnett in his individual capacities.

## Proof of mailing

Eric Holton Declares under penalty of Perjury pursuant to 28. USC 1746 that on the below date and time he mailed a true copy of this notice of appeal- Docketing Statement by placing it in the North Cell Hall mail box

Dated this 2 day of February 2014

Eric Holton 173748
Waupun Corr. Inst
P.O. Box 351
Waupun WI 53963-0351