DOC NO
REC'D/FILED

IN THE UNITED STATES DISTRICT COURT

2014 FEB -6 AM 11:00

FOR THE WESTERN DISTRICT OF WISCONSIN

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

ERIC HOLTON
Plaintiff

Case no 11-CV-246-slc

VS

GARY H. HAMBLIN, DAVID BURNETT,
and PAUL SUMNICHT
defendants

## PLAINTIFFS NOTICE OF APPEAL AND DOCKETING STATEMENT

Notice is hereby given That Eric Holton, Plaintiff in Pro Se
in The above-entitled matter, appeals to The United States
Court of appeals for The seventh circuit from The final
orders denying motions for appointment of counsel see orders
of (8-31-12 Doc 21) (8-2-13 Doc 64) (12-2-13 Doc 83)(1-7-14
Doc 114) Plaintiff appeals from The final order Granting
in part Defendants summary Judgement Motion see order
of (12-2-13 Doc 83). Plaintiff appeals from The verdict
in favor of Sumnicht, The Judgment entered on The verdict,
and The order dismissing Preliminary Injunctive Releaf
all entered on 1-15-14 Doc 122,      ,      ,

Jurisdictional Statement

The district court had subject matter Jurisdiction over
This case pursuant to 42. U.S.C § 1331 and 28. U.S.C. 1343.
The court of appeals has Jurisdiction over This appeal
Pursuant to 28.U.S.C § 1291.

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1) Whether Holtons factual allegations of Summicuts
refusal for 28. months to refer him to an allergist to find
out The cause of his chronic allergies despite of Severe
allergy Symptoms Including hives, breathing difficulties,
intensed Chronic Sinus headaches and complaints of Medicat-
-ion Not Working raises a genuine issue of material fact
of whether Summicut acted With deliberate Indifference.

2) Whether The district court in granting partial Summary
Judgment to Summicut failed to draw inference from The
facts in a light most favorable to Holton regarding his
claim of being denied needed treatment for an MAC
infection That had never been treated, and Relied on a Conclu-
-Sive Statement in defendants finding of fact Which Stated
That The mere presence of MAC does not require treatment.

3) Whether Holtons factual allegations of Summicuts refusal
for 28 months to refer him to a specialist for his
degenerative disc disease despite Severe back pain Which
Somtimes ———

– 2 –

limited his mobility and complaints of medications not working raises a genuine issue of material fact of whether Summicut acted with deliberate indifference to his serious condition.

4) Whether Holtons factual allegations of Summicuts refusal for 28 months to refer him to a specialist who could properly address his chest pains from the buck shots despite of complaints of medications not working raise a genuine issue of material fact of whether Summicut acted with deliberate indifference to his serious condition.

5) Whether the district court in granting Summary Judgment to Summicut improperly Resolved a factual dispute on whether Holtons symptoms improved Regarding his claims of denial of adequate testing and treatment for Lung Sarcordosis.

6) Whether the district court erred in denying Holtons motion to amend the complaint to conform to evidence in the Record that showed the personal involvement of David Burnett whom after Redirecting that Holton be seen by a general surgeon did not include any alternative once it was determined that Holtons lymph nodes should not be Removed for testing.

7) Whether the district court abused its discretion in denying Holtons motion for appointment of Counsel before

— 3 —

and after The summary Judgment decision by under-
-estimating The difficulties of The legal and factual issues of
The case and allowing Holton to proceed in prose to a
Jury Trial with The difficult task of proving deliberate
indifference on behalf of Summicut for The treatment
he did or didnot provide.

8)    Whether The Preponderence of The evidence was
improperly Rejected by The Jury which shows That Summicut
was aware of and deliberately indifferent to Holtons
Need for pain management and he failed to supply pain
medication That worked and Refused to Reassess The
appropriateness - Responsiveness of The medications.

## Relief

Holton Request That This court Reverse The district courts
Summary Judgment decision and Remand The case back
with instructions to appoint Counsel - or appoint counsel.

Holton Request That This court Reverse The Jury verdict
upon a finding That There is a Reasonable likelihood That
The Presence of counsel would have altered The outcome
and appoint counsel.

Holton Request That This Court Reverse The Jury
Verdict in favor of Holton based on The preponderence of
The evidence which shows That Summicut was aware of
but deliberately indifferent to Holtons need of pain mana-
-gement which cause Holton Harm

4

Reverse The Jury verdict in favor of Holton That Summicut was negligent Resulting in pain and Suffering. Reverse The dismissal of Holtons induuctive Relief Request.

Remand This case back to The district court with instructions to allow Holton to amend The complaint to include David Burnett in his individual Capacities.

## Proof of mailing

ERic Holton Declares under penalty of Perjury pursuant to 28. USC 1746 That on The below date and time he mailed a true copy of This Notice of appeal - Docketing Statement by placing it in The North Cell Hall mail box

Dated This 2 day of february 2014

Eric Holton 173748
Waupun Corr. inst
P.O. Box 351
Waupun WI 53963-0351

5