IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC HOLTON,

                Plaintiff,                ORDER

v.

                                    11-cv-246-slc

GARY H. HAMBLIN, DAVID BURNETT
and PAUL SUMNICHT,

                Defendants.

---

Judgment was entered in this case on January 17, 2014 following a jury trial and the return of the jury's verdict finding no liability on behalf of defendant Paul Sumnicht. Now plaintiff has filed a notice of appeal along with a request for leave to proceed on appeal *in forma pauperis*. He has submitted a trust fund account statement for the six months preceding the filing of his appeal. A district court has authority to deny a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff has accumulated the following three strikes: *Holton v. Morales*, no. 07-C-241 (W.D. Wis. May 15, 2007), *aff'd*, *Holton v. Morales*, no. 07-2327 (7th Cir. Apr. 3, 2008); *Walker v. McDaniel*, no. 05-cv-0248 (D. Nev. Dec. 7, 2005); *Walker v. McDaniel*, no. 01-cv-0121 (D. Nev. Dec. 17, 2001).

Because plaintiff has accumulated three strikes, he cannot file any new lawsuit or an appeal without prepaying the filing fee so long as he is incarcerated unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case; the facts adduced by the parties at summary judgment and at trial showed that plaintiff is receiving

appropriate medical treatment for the symptoms stemming from the shotgun pellets lodged in plaintiff's body. Therefore, he cannot take advantage of the initial partial payment provision of § 1915. He owes the $505 appellate filing fee in full immediately.

Plaintiff may delay payment of the $505 fee under one other circumstance; that is, if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed *in forma pauperis* on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that plaintiff does not have three strikes, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that the district court was correct in finding that § 1915(g) bars plaintiff from taking his appeal *in forma pauperis*, the $505 filing fee payment will be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.

ORDER

IT IS ORDERED that plaintiff Eric Holton's request for leave to proceed *in forma pauperis* on appeal is DENIED because three strikes have been recorded against plaintiff under 28 U.S.C. § 1915(g). Further, IT IS ORDERED that the clerk of court insure that plaintiff's obligation to pay the $505 is reflected in this court's financial records.

Entered this 7th day of February, 2014.

BY THE COURT:

/s/
STEPHEN L. CROCKER
Magistrate Judge